IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**08 CV 00245**

JULIANA MARIA MAYANCELA,    )
)
　　　　Plaintiff,    )
)
v.    )
)
BIRO MANUFACTURING COMPANY    )
)
　　　　Defendant.    )
)

Civil Action No. _____

RECEIVED
JAN 1 1 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, that BIRO MANUFACTURING COMPANY ("Biro"), hereby removes this action from the Supreme Court of New York, County of Bronx, pursuant to 28 U.S.C. §1441 et seq., and states:

### I. FACTS

1.    This is a product liability action that the plaintiff, JULIANA MAYANCELA ("Mayancela"), originally brought against Biro in the Supreme Court of the State of New York, County of Bronx.

2.    Mayancela, a natural person, is a resident of the County of Bronx, city and State of New York (1417 Overing Street, Bronx). *See* Verified Complaint (copy attached as Exhibit A).

3.    Biro is, and was at the time Mayancela filed this action, a corporation organized under the laws of the State of Ohio, and is authorized to do business in the State of New York. *See* Biro's

Answer to Verified Complaint (copy attached as Exhibit B). Biro's principal place of business is 1114 West Main Street, Marblehead, Ohio 43440. Biro is not a citizen of the State of New York

4.      Plaintiff filed this action in the Supreme Court of New York, County of Bronx, Index No. 14707/07 on May 11, 2007. Biro was served with the Summons and Complaint on September 10, 2007. Plaintiff's Complaint did not claim a specified dollar amount. After Biro served discovery requests seeking the limits of plaintiff's damages, she amended her Complaint to include her employer, Myrtle Poultry Sales Corp. ("employer"), which destroyed diversity. However, on December 13, 2007, plaintiff and employer entered into a Stipulation of Discontinuance (copy attached as Exhibit C).

## II. JURISDICTION

5.      For diversity purposes, Mayancela is a citizen of the State of New York.

6.      For diversity purposes, Biro is a citizen of the State of Ohio. *See* 28 U.S.C. §1332(c)(1).

7.      On December 13, 2007, plaintiff and employer entered into a Stipulation of Discontinuance, creating complete diversity between the remaining parties as required by 28 U.S.C §1332(a).

8.      Upon information and belief, Mayancela's damages are in excess of $75,000.00, satisfying the amount in controversy threshold required by 28 U.S.C §1332(a).

9.      Biro denies that Mayancela is entitled to any damages.

10.      Biro's Notice of Removal is timely pursuant to 28 U.S.C. §1446.

11.      This matter is thus removable and this Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

Dated:        Garden City, New York
              January 10, 2008

_____
Frank V. Pesce, Esq. (FVP 7171)
FISCHETTI & PESCE, LLP
Attorneys for Defendant
BIRO MANUFACTURING COMPANY
310 Old Country Road - Suite 201
Garden City, New York 11530
516-873-1511
File No. 9020

*Of Counsel:*
Christopher J. Wesser (VSB No. 44648)
C. Stinson Lindenzweig (VSB No. 71214)
MORAN KIKER BROWN PC
4110 E. Parham Road
Richmond, Virginia 23228
Phone: (804) 421-6250
*Attorneys for Defendant*
*The Biro Manufacturing Company*

TO:

GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street - Suite 1205
New York, New York 10038

# EXHIBIT "A"

UNITED LAWYERS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

--------------------------------------------------X

JULIANA MARIA MAYANCELA,

                                        Plaintiff,

        -against-

BIRO MANUFACTURING COMPANY,

                                        Defendants.

--------------------------------------------------X

**Index No.:** 14707-0

**SUMMONS**

Plaintiff designates Bronx
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides:
1417 Overing Street
Bronx, New York 10461

**To the above named Defendant:**

**You are hereby summoned** to answer the complaint in this action, and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance on the Plaintiff's attorney within twenty days after the
service of this summons, exclusive of the day of service, where service is made by
delivery upon you personally within the state, or, within 30 days after completion of
service where service is made in any other manner. In case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in
the complaint.

Dated:      New York, New York
            April 30, 2007

                                Yours, etc.

                                Christopher J. Gorayeb, Esq.
                                GORAYEB & ASSOCIATES, P.C.
                                Attorney for Plaintiff
                                JULIANA MARIA MAYANCELA
                                100 William Street, Suite 1205
                                New York, New York 10038
                                (212) 267-9222/7239/CJG/jf

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

DEFENDANT:
BIRO MANUFACTURING COMPANY:
1114 W. Main Street
Marblehead, OH 43440

2007 MAY -3 AM 9:25
COUNTY CLERK
BRONX COUNTY

RECEIVED

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

14707-07

---------------------------------------------------------------X

JULIANA MARIA MAYANÇELA,

                              Plaintiff,

          -against-

BIRO MANUFACTURING COMPANY,

                              Defendants.

---------------------------------------------------------------X

VERIFIED
COMPLAINT

Index No.:

Plaintiff, JULIANA MARIA MAYANCELA, by her attorney, **GORAYEB &**
**ASSOCIATES, P.C.,** complaining of the Defendant, respectfully alleges, upon
information and belief, as follows:

1.     That at all times hereinafter mentioned and prior thereto and on, or prior to
       September 6, 2005, plaintiff was and still is a resident of the State of New
       York, County of Queens.

2.     That at the time of the commencement of this action, plaintiff was a
       resident of the City and State of New York, County of Queens.

3.     That this action falls within one or more of the exemptions set forth in
       CPLR §1602.

4.     That at all times herein mentioned, and on, or prior to September 6, 2005,
       defendant **BIRO MANUFACTURING COMPANY** (hereinafter "**BIRO**") was
       and still is a domestic corporation duly organized and existing under and
       by virtue of the laws of the State of New York.

5.     That at all times herein mentioned, and on, or prior to September 6, 2005,
       defendant **BIRO** was and still is a foreign corporation duly organized and
       existing under and by virtue of the laws of the State of Ohio.

Law Offices
YEB & ASSOCIATES, P.C.
10 WILLIAM STREET
ORK, NEW YORK 10038

2

6.    That at all times herein mentioned, and on, or prior to, September 6, 2005, BIRO was and still is a foreign corporation duly authorized to do business in the State of New York.

7.    That at all times herein mentioned, and on, or prior to, September 6, 2005, BIRO was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

8.    That at all times herein mentioned, and on, or prior to September 6, 2005, BIRO was and still is a business entity, conducting business in the State of New York.

9.    That at all times herein mentioned BIRO, owns real property in the State of New York.

10.    That at all times herein mentioned, and on, or prior to September 6, 2005 BIRO owns, uses, or possesses real property within the State of New York.

11.    That at all times herein mentioned BIRO regularly transacts and or solicits business within the State of New York.

12.    That BIRO, itself, or by an agent, transacts or has transacted business in the State of New York, or contracts or has contracted to provide goods or services in the State of New York.

13.    That BIRO, itself, or by an agent committed a tortuous act outside the State of New York, which caused injury to plaintiff in the State of New York, and regularly does or solicits business in the State of New York or engages in other persistent course of conduct in the State of New York or derives substantial revenue from goods used or consumed or services rendered in the State of New York, or expects or should reasonably expect

Law Offices
RAYE8 & ASSOCIATES, P.C.
100 WILLIAM STREET
W YORK, NEW YORK 10038

3

its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

14. That at all times herein mentioned **BIRO**, itself, or by an agent committed a tortuous act within the State of New York.

15. That at all times herein mentioned, and on, or prior to September 6, 2005, **BIRO** was and still is a business entity, conducting business in the State of Ohio.

16. That at all times herein mentioned, and on, or prior to, September 6, 2005, **BIRO** maintained a principal place of business at 1114 West Main Street, Marblehead, Ohio 43440.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF JULIANA MARIA MAYANCELA

17. Plaintiff, JULIANA MARIA MAYANCELA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" together with the same force and effect as though same were more fully set forth at length herein.

18. That on and prior to September 6, 2005, defendant, **BIRO** was in the business of manufacturing poultry cutting/processing machines.

19. That on and prior to September 6, 2005, defendant, **BIRO** was in the business of selling poultry cutting/processing machines.

20. That on and prior to September 6, 2005, defendant, **BIRO** was in the business of distributing poultry cutting/processing machines.

21. That on or prior to September 6, 2005, one of the products manufactured by **BIRO** was a poultry cutting machine Model Number BCC-100.

22. That at all times herein mentioned the defendant **BIRO** was in the

Law Offices
'EB & ASSOCIATES, P.C.
0 WILLIAM STREET
ORK, NEW YORK 10038

4

business of selling, manufacturing and/or distributing Model Number BCC-100 poultry cutting machines for the purpose of sale and use to businesses and to the general public.

23.    That at all times herein mentioned and prior to September 6, 2005, the defendant BIRO manufactured, sold, distributed and/or delivered to various retailers the said product.

24.    That on or prior to September 6, 2005 BIRO sold a poultry cutting machine to MYRTLE POULTRY SALES CORP.

25.    That on or prior to September 6, 2005 BIRO sold to MYRTLE POULTRY SALES CORP. a poultry cutting machine Model Number BCC-100.

26.    That on September 6, 2005, plaintiff, JULIANA MARIA MAYANCELA, was employed by MYRTLE POULTRY SALES CORP.

27.    That on September 6, 2005, plaintiff, JULIANA MARIA MAYANCELA operated the subject poultry cutting machine in the course of her employment.

28.    That on September 6, 2005, plaintiff JULIANA MARIA MAYANCELA was engaged in her employment and used the said product of defendant BIRO.

29.    That the defendant BIRO warranted that said product was fit for the purpose for which it was intended.

30.    That the defendant BIRO warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

31.    That the defendant BIRO warranted that said product was of merchantable quality and was safe for use.

Law Offices
KRAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NW YORK, NEW YORK 10038

.5

32. That relying upon said warranties plaintiff proceeded to use the said product for work in accordance with its intended use.

33. That on September 6, 2005, plaintiff proceeded to use the said poultry cutting machine Model Number BCC-100 in her work at the above-mentioned premises in accordance with its intended use.

34. That plaintiff, on September 6, 2005, while using the poultry cutting machine in accordance with its intended use, was caused to suffer and sustain severe and permanent bodily injuries.

35. That defendant put into the stream of commerce a product that was defectively designed manufactured and hazardous and unsafe for its intended use.

36. That the aforesaid accident was caused solely and wholly by reason that defendant BIRO breached its warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied, and was negligent in the manufacture, distribution and/or sale of said product.

37. That plaintiff JULIANA MARIA MAYANCELA was caused to sustain those bodily injuries through no fault or carelessness of her own, but solely due to the acts and/or omissions which constituted the negligence of the defendant BIRO, its agents, servants, licensees and/or employees, in failing to use proper skill in manufacturing, designing and labeling of said product and its container; in failing to provide for basic, common, safety principles and features; in labeling the product in a defective and improper manner; in failing to advise plaintiff that the equipment, in accordance with the instruction, was defective and was unsafe and

hazardous; in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing any warnings, in accordance with the instruction for its use; in failing to provide a safe product and causing, creating and allowing a defective, improper and poorly labeled product to be designed, manufactured and distributed; by improperly giving instructions thereby creating a dangerous condition with respect to the product and its use, and permitting it to remain and exist; in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product; in failing to warn the plaintiff and others of the dangerous, improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designed labels, and warnings, and releasing same for use to the general public; and in otherwise being careless and negligent.

38.   That defendant put into the stream of commerce a product that was defectively designed manufactured and hazardous and unsafe for its intended use.

39.   That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That she has been unable to attend to her usual vocation and activities and that she has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts.

Law Offices
.YEB & ASSOCIATES, P.C.
20 WILLIAM STREET
YORK, NEW YORK 10038

7

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF JULIANA MARIA MAYANCELA

40.  Plaintiff, JULIANA MARIA MAYANCELA, repeats, reiterates and reolleges each and every allegation contained in paragraphs "1" through "39" together with the same force and effect as though same were more fully set forth at length herein.

41.  That defendant's product and poultry cutting machine and the components and appurtenances thereto were defectively designed and/or manufactured and said defects were a substantial factor in causing plaintiff's injuries.

42.  That defendants put into the stream of commerce a defectively designed and/or manufactured product which caused plaintiff serious injury, pain, suffering and other damages.

43.  That by reason of the foregoing, defendants, their agents, servants and/or employees are liable to plaintiff for strict liability in tort, and or strict products liability.

44.  That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That she has been unable to attend to her usual vocation and activities and that she has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts.

WHEREFORE, the plaintiff JULIANA MARIA MAYANCELA demands judgment against the defendant in an amount that exceeds the jurisdictional limits of

Law Offices
EB & ASSOCIATES, P.C.
I WILLIAM STREET
IRK, NEW YORK 10038

8

all lower courts on each cause of action together with interest, costs and disbursements.

Dated:    New York, New York
          April 30, 2007

                              Yours, etc.

                              _____
                              CHRISTOPHER J. GORAYEB, ESQ.
                              GORAYEB & ASSOCIATES, P.C.
                              Attorney for Plaintiff
                              JULIANA MARIA MAYANCELA
                              100 William Street, Ste 1205
                              New York, New York 10038
                              (212) 267-9222/7239-CJG/JF

## ATTORNEY'S VERIFICATION

CHRISTOPHER J. GORAYEB, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member with the law firm of GORAYEB & ASSOCIATES, P.C., attorney of record for plaintiff, I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorneys for the plaintiff maintain their offices.

DATED:    New York, New York
          April 30, 2007

_____
CHRISTOPHER J. GORAYEB

Law Offices
EB & ASSOCIATES, P.C.
WILLIAM STREET
RK, NEW YORK 10038

10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

JULIANA MARIA MAYANCELA,                          Index No.

                    Plaintiff,

          -against-

BIRO MANUFACTURING COMPANY,

                    Defendant.

## SUMMONS & VERIFIED COMPLAINT

**GORAYEB & ASSOCIATES, P.C.**
Attorney for Plaintiff
JULIANA MARIA MAYANCELA
100 William Street, Ste. 1205
New York, New York 10038
(212) 267-9222
FILE NO. 7239 - PL

Pursuant to 22 NYCRR 130-1.1-a the undersigned, an attorney admitted to practice in the courts of New York State, certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within document(s) or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1.

Dated: New York, New York
       April 30, 2007

Christopher J. Gorayeb

4197989106                    To:5167417414                    P.15/15

# UNITED LAWYERS

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index # 14707-07                                    Purchased/Filed: May 3, 2007

STATE OF NEW YORK                SUPREME COURT              BRONX COUNTY

_____

Juliana Maria Mayancela                                    Plaintiff

against

Biro Manufacturing Company                                 Defendant

_____

STATE OF NEW YORK          SS.:
COUNTY OF ALBANY

Jessica Miller _____, being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on ____May 11, 2007____, at ___2:00 pm___, at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Verified Complaint

Biro Manufacturing Company _____, the

Defendant in this action, by delivering to and leaving with _____Donna Christie_____

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York,    2    true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of ____40____ dollars; That said service

was made pursuant to Section ___306 Business Corporation Law___ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: ___38___   Approx. Wt: ___145___   Approx. Ht: ___5'5"___

Color of skin: ___White___   Hair color: ___Blonde___   Sex: ___F___   Other: _____

Sworn to before me on this

___16th___ day of _____May, 2007_____

DONNA M. TIDINGS                                    Jessica Miller
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2007                    Invoice-Work Order # SP0704006

_SERVICO, INC. - PO Box 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179_

**THE BIRO MANUFACTURING COMPANY**
1114 W. Main Street, Marblehead, OH  43440
PH: 419-798-4451; FAX:  419-798-9606

September 10, 2007

ATTN:  Frank Pesce

Copy of Summons we received today follows.

UNITED LAWYERS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

**Index No.: 14707/07**

-----------------------------------------------------------------X

JULIANA MARIA MAYANCELA,

**SUPPLEMENTAL**
**SUMMONS**

Plaintiff,

-against-

*RECD OCT 2 6 2007*

BIRO MANUFACTURING COMPANY and
MYRTLE POULTRY SALES CORP.,

Defendants.

-----------------------------------------------------------------X

Plaintiff designates Bronx
County as the place of trial.
The basis of venue is:
Plaintiff's Residence
Plaintiff resides:
1417 Overing Street
Bronx, New York 10461

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance on the Plaintiff's attorney within twenty days after the
service of this summons, exclusive of the day of service, where service is made by
delivery upon you personally within the state, or, within 30 days after completion of
service where service is made in any other manner. In case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in
the complaint.

Dated:      New York, New York
            October 19, 2007

Yours, etc.

Christopher J. Gorayeb, Esq.
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
JULIANA MARIA MAYANCELA
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222/7239/CJG/mu

**DEFENDANTS:**
**FISCHETTI & PESCE, LLP**
**Attorney for Defendant**
**310 Old Country Road, Suite 201**
**Garden City, New York 11530**
**(516) 873-1511**

**MYRTLE POULTRY SALES CORP.,**
**334 Linden Street**
**Brooklyn, New York 11237**

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

1

07 OCT 22 AM 10: 31

RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X

JULIANA MARIA MAYANCELA,

Plaintiff,

-against-

BIRO MANUFACTURING COMPANY and
MYRTLE POULTRY SALES CORP.,

Defendants.

------------------------------------------------------------X

**AMENDED
VERIFIED
COMPLAINT**

**Index No.: 1470/07**

Plaintiff, JULIANA MARIA MAYANCELA, by her attorney, **GORAYEB &
ASSOCIATES, P.C.**, complaining of the Defendant, respectfully alleges, upon
information and belief, as follows:

1.    That at all times hereinafter mentioned and prior thereto and on, or prior
to September 6, 2005, plaintiff was and still is a resident of the State of
New York, County of Bronx.

2.    That at the time of the commencement of this action, plaintiff was a
resident of the City and State of New York, County of Bronx.

3.    That this action falls within one or more of the exemptions set forth in
CPLR §1602.

4.    That at all times herein mentioned, and on, or prior to September 6, 2005,
defendant **BIRO MANUFACTURING COMPANY** (hereinafter "BIRO")
was and still is a domestic corporation duly organized and existing under
and by virtue of the laws of the State of New York.

5.    That at all times herein mentioned, and on, or prior to September 6, 2005,
defendant **BIRO** was and still is a foreign corporation duly organized and
existing under and by virtue of the laws of the State of Ohio.

Law Offices
RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
W YORK, NEW YORK 10038



2

6.  That at all times herein mentioned, and on, or prior to, September 6, 2005, **BIRO** was and still is a foreign corporation duly authorized to do business in the State of New York.

7.  That at all times herein mentioned, and on, or prior to, September 6, 2005, **BIRO** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

8.  That at all times herein mentioned, and on, or prior to September 6, 2005, **BIRO** was and still is a business entity, conducting business in the State of New York.

9.  That at all times herein mentioned **BIRO**, owns real property in the State of New York.

10. That at all times herein mentioned, and on, or prior to September 6, 2005 **BIRO** owns, uses, or possesses real property within the State of New York.

11. That at all times herein mentioned **BIRO** regularly transacts and or solicits business within the State of New York.

12. That **BIRO**, itself, or by an agent, transacts or has transacted business in the State of New York, or contracts or has contracted to provide goods or services in the State of New York.

13. That **BIRO**, itself, or by an agent committed a tortuous act outside the State of New York, which caused injury to plaintiff in the State of New York, and regularly does or solicits business in the State of New York or engages in other persistent course of conduct in the State of New York or derives substantial revenue from goods used or consumed or services rendered in the State of New York, or expects or should reasonably

Law Offices
FAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
WYORK, NEW YORK 10038

3

expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

14.     That at all times herein mentioned **BIRO**, itself, or by an agent committed a tortuous act within the State of New York.

15.     That at all times herein mentioned, and on, or prior to September 6, 2005, **BIRO** was and still is a business entity, conducting business in the State of Ohio.

16.     That at all times herein mentioned, and on, or prior to, September 6, 2005, **BIRO** maintained a principal place of business at 1114 West Main Street, Marblehead, Ohio 43440.

17.     That at all times herein mentioned, and on, or prior to September 6, 2005, defendant **MYRTLE POULTRY SALES CORP.** (hereinafter "**MYRTLE**") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

18.     That at all times herein mentioned, and on, or prior to, September 6, 2005, **MYRTLE** was and still is a partnership, organized and existing under and by virtue of the Laws of the State of New York.

19.     That at all times herein mentioned, and on, or prior to September 6, 2005, **MYRTLE** was and still is a business entity, conducting business in the State of New York.

20.     That at all times herein mentioned, and on, or prior to, September 6, 2005, **MYRTLE** maintained a principal place of business at 334 Linden Street, Brooklyn, NY.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF JULIANA MARIA MAYANCELA

21.    Plaintiff, **JULIANA MARIA MAYANCELA** repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "20" together with the same force and effect as though same were more fully set forth at length herein.

22.    That on and prior to September 6, 2005, defendant, **BIRO** was in the business of manufacturing poultry cutting/processing machines.

23.    That on and prior to September 6, 2005, defendant, **BIRO** was in the business of selling poultry cutting/processing machines.

24.    That on and prior to September 6, 2005, defendant, **BIRO** was in the business of distributing poultry cutting/processing machines.

25.    That on or prior to September 6, 2005, one of the products manufactured by **BIRO** was a poultry cutting machine Model Number BCC-100.

26.    That at all times herein mentioned the defendant **BIRO** was in the business of selling, manufacturing and/or distributing Model Number BCC-100 poultry cutting machines for the purpose of sale and use to businesses and to the general public.

27.    That at all times herein mentioned and prior to September 6, 2005, the defendant **BIRO** manufactured, sold, distributed and/or delivered to various retailers the said product.

28.    That on or prior to September 6, 2005 **BIRO** sold a poultry cutting machine to **MYRTLE.**

29.    That on or prior to September 6, 2005 **BIRO** sold to **MYRTLE** a poultry cutting machine Model Number BCC-100.

Law Offices
ₗORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

5

30.     That on September 6, 2005, plaintiff, **JULIANA MARIA MAYANCELA,** was employed by **MYRTLE**.

31.     That on September 6, 2005, plaintiff, **JULIANA MARIA MAYANCELA** operated the subject poultry cutting machine in the course of her employment.

32.     That on September 6, 2005, plaintiff **JULIANA MARIA MAYANCELA** was engaged in her employment and used the said product of defendant **BIRO**.

33.     That the defendant **BIRO** warranted that said product was fit for the purpose for which it was intended.

34.     That the defendant **BIRO** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

35.     That the defendant **BIRO** warranted that said product was of merchantable quality and was safe for use.

36.     That relying upon said warranties plaintiff proceeded to use the said product for work in accordance with its intended use.

37.     That on September 6, 2005, plaintiff proceeded to use the said poultry cutting machine Model Number BCC-100 in her work at the above-mentioned premises in accordance with its intended use.

38.     That plaintiff, on September 6, 2005, while using the poultry cutting machine in accordance with its intended use, was caused to suffer and sustain severe and permanent bodily injuries.

39.     That defendant put into the stream of commerce a product that was defectively designed manufactured and hazardous and unsafe for its

intended use.

40.    That the aforesaid accident was caused solely and wholly by reason that defendant **BIRO** breached its warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied, and was negligent in the manufacture, distribution and/or sale of said product.

41.    That plaintiff **JULIANA MARIA MAYANCELA** was caused to sustain those bodily injuries through no fault or carelessness of her own, but solely due to the acts and/or omissions which constituted the negligence of the defendant **BIRO**, its agents, servants, licensees and/or employees, in failing to use proper skill in manufacturing, designing and labeling of said product and its container;  in failing to provide for basic, common, safety principles and features;  in labeling the product in a defective and improper manner;  in failing to advise plaintiff that the equipment, in accordance with the instruction, was defective and was unsafe and hazardous;  in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing any warnings, in accordance with the instruction for its use; in failing to provide a safe product and causing, creating and allowing a defective, improper and poorly labeled product to be designed, manufactured and distributed;  by improperly giving instructions thereby creating a dangerous condition with respect to the product and its use, and permitting it to remain and exist;  in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product;  in failing to warn the plaintiff and others of the dangerous,

Law Offices
)RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
:W YORK, NEW YORK 10038

7

improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designed labels, and warnings, and releasing same for use to the general public; and in otherwise being careless and negligent.

42. That defendant put into the stream of commerce a product that was defectively designed manufactured and hazardous and unsafe for its intended use.

43. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That she has been unable to attend to her usual vocation and activities and that she has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF JULIANA MARIA MAYANCELA

44. Plaintiff, JULIANA MARIA MAYANCELA repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" together with the same force and effect as though same were more fully set forth at length herein.

45. That on September 6, 2005, plaintiff, JULIANA MARIA MAYANCELA, was employed by MYRTLE.

46. That on September 6, 2005, plaintiff JULIANA MARIA MAYANCELA, did not possess worker's compensation insurance coverage for the benefit of JULIANA MARIA MAYANCELA.

47. That on September 6, 2005, plaintiff, **JULIANA MARIA MAYANCELA** operated the subject poultry cutting machine, designed, manufactured, sold and distributed by **BIRO** in the course of her employment.

48. That on September 6, 2005, plaintiff proceeded to use the said poultry cutting machine Model Number BCC-100 in her work at the above-mentioned premises in accordance with its intended use.

49. That plaintiff, on September 6, 2005, while using the poultry cutting machine in accordance with its intended use, was caused to suffer and sustain severe and permanent bodily injuries.

50. That plaintiff **JULIANA MARIA MAYANCELA** was caused to sustain those bodily injuries through no fault or carelessness of her own, but solely due to the acts and/or omissions which constituted the negligence of the defendant **MYRTLE**, its agents, servants, licensees and/or employees, in failing to properly install and operate to subject poultry cutting machine; in failing to provide for basic, common, safety principles and features; in labeling the product in a defective and improper manner; in failing to advise plaintiff that the equipment, in accordance with the instruction, was defective and was unsafe and hazardous; in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing any warnings, in accordance with the instruction for its use; by improperly giving instructions thereby creating a dangerous condition with respect to the product and its use, and permitting it to remain and exist; in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product; in failing to warn the plaintiff and others of the

Law Offices
DRAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
EW YORK, NEW YORK 10038

9

dangerous, improper and poorly designed label and defective instructions and condition of the product, in failing to properly train and supervise plaintiff; and in otherwise being careless and negligent.

51.    That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That she has been unable to attend to her usual vocation and activities and that she has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION ON
### BEHALF OF PLAINTIFF JULIANA MARIA MAYANCELA

52.    Plaintiff, JULIANA MARIA MAYANCELA, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" together with the same force and effect as though same were more fully set forth at length herein.

53.    That defendants' product and poultry cutting machine and the components and appurtenances thereto were defectively designed and/or manufactured and said defects were a substantial factor in causing plaintiff's injuries.

54.    That the defendants put into the stream of commerce a defectively designed and/or manufactured product which caused plaintiff serious injury, pain, suffering and other damages.

55.    That by reason of the foregoing, defendants, their agents, servants and/or employees are liable to plaintiff for strict liability in tort, and or strict products liability.

Law Offices
DRAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
EW YORK, NEW YORK 10038

10

56.     That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains.  That she has been unable to attend to her usual vocation and activities and that she has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, the plaintiff **JULIANA MARIA MAYANCELA** demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action together with interest, costs and disbursements.

Dated:          New York, New York
                October 19, 2007


Yours, etc.


CHRISTOPHER J. GORAYEB, ESQ.
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
JULIANA MARIA MAYANCELA
100 William Street, Ste 1205
New York, New York 10038
(212) 267-9222/7239-CJG/JF

## ATTORNEY'S VERIFICATION

CHRISTOPHER J. GORAYEB, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member with the law firm of GORAYEB & ASSOCIATES, P.C., attorney of record for plaintiff, I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorney for the plaintiff maintains its offices.

DATED:      New York, New York
            October 19, 2007

_____
CHRISTOPHER J. GORAYEB

Law Offices
RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
W YORK, NEW YORK 10038

12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

JULIANA MARIA MAYANCELA,                           Index No. 14707/07

                          Plaintiff,

         -against-

BIRO MANUFACTURING COMPANY and
MYRTLE POULTRY SALES CORP.,

                          Defendants.

## SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT

**GORAYEB & ASSOCIATES, P.C.**
Attorney for Plaintiff
JULIANA MARIA MAYANCELA
100 William Street, Ste. 1205
New York, New York 10038
(212) 267-9222
FILE NO. 7239 - PL

Pursuant to 22 NYCRR 130-1.1-a the undersigned, an attorney admitted to practice in the courts of New York State, certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within document(s) or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1.

Dated:      New York, New York
            October 19, 2007

                                        _____
                                        Christopher J. Gorayeb

# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X     Index No. 14707/07

JULIANA MARIA MAYANCELA,

                       Plaintiff,                        ATTORNEY
                                                              CERTIFICATION

       -against-

BIRO MANUFACTURING COMPANY,

                      Defendant.
-----------------------------------------------------------------------X

The annexed documents are hereby certified pursuant to 22 NYCRR ' 130-1.1-a:

| | | |
|---|---|---|
| **X** | Answer to Verified Complaint | ___ Motion |
| **X** | Notice of EBT | ___ Memorandum of Law |
| ___ | Notice for Discovery and Inspection | ___ Affirmation in Opposition |
| ___ | Response to Demand | ___ Reply Affirmation |
| ___ | Demand for Authorization | ___ Notice to Admit |
| ___ | Stipulation | ___ Response to Notice |
| **X** | First Set of Requests for Admission to Plaintiff | |

Dated:       Garden City, New York
                October 10, 2007

                      Yours, etc.

                      FISCHETTI & PESCE, LLP

                      By: _____
                            Frank V. Pesce

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

JULIANA MARIA MAYANCELA,              )
                                       )     Index No. 14707/07
              Plaintiff,               )
                                       )
v.                                     )     BIRO'S ANSWER TO
                                       )     VERIFIED COMPLAINT
BIRO MANUFACTURING COMPANY             )
                                       )
              Defendant.               )

BIRO MANUFACTURING COMPANY ("Biro"), by its attorneys, FISCHETTI & PESCE,

LLP, answers Plaintiff's Verified Complaint as follows:

1.     Biro is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 1 of plaintiff's Verified Complaint, and therefore denies

them.

2.     Biro is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 2 of plaintiff's Verified Complaint, and therefore denies

them.

3.     Biro denies the allegations of paragraph 3 of the Verified Complaint, referring all

issues of law to the court.

4.     Biro denies the allegations contained in paragraph 4 of plaintiff's Verified Complaint,

except to admit that it is an Ohio corporation registered to do business in New York.

5.     Biro denies the allegations contained in paragraph 5 of plaintiff's Verified Complaint.

6.     Biro admits the allegations contained in paragraph 6 of plaintiff's Verified

Complaint..

7.     Biro denies the allegations contained in paragraph 7 of plaintiff's Verified Complaint.

8.　　　Biro denies the allegations contained in paragraph 8 of plaintiff's Verified Complaint, except to admit that it is registered to do business in New York.

9.　　　Biro denies the allegations contained in paragraph 9 of plaintiff's Verified Complaint. Biro admits that it once owned real property within the State of New York, but it last did so on May 20, 1980. Biro denies the remaining allegations contained in paragraph 10 of plaintiff's Verified Complaint.

10.　　　Biro admits the allegations contained in paragraph 11 of plaintiff's Verified Complaint.

11.　　　Biro admits the allegations contained in paragraph 12 of plaintiff's Verified Complaint.

12.　　　Biro denies the allegations contained in paragraph 13 of plaintiff's Verified Complaint, except to admit that it conducts business in New York and receives revenue from sales in New York.

13.　　　Biro denies the allegations contained in paragraph 14 of plaintiff's Verified Complaint.

14.　　　Biro admits the allegations contained in paragraph 15 of plaintiff's Verified Complaint.

15.　　　Biro admits the allegations contained in paragraph 16 of plaintiff's Verified Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JULIANA MARIA MAYANCELA

16.　　　Biro repeats and reiterates its responses to paragraphs 1 through 16 above.

2

17.    Biro denies the allegations contained in paragraph 18 of plaintiff's Verified Complaint, except to admit that it is in the business of manufacturing certain food processing equipment, including Model BCC-100 poultry cutters.

18.    Biro denies the allegations contained in paragraph of plaintiff's Verified Complaint, except to admit that it is in the business of selling certain food processing equipment, including Model BCC-100 poultry cutters.

19.    Biro denies the allegations contained in paragraph 20 of plaintiff's Verified Complaint, except to admit that it is in the business of distributing certain food processing equipment, including Model BCC-100 poultry cutters.

20.    Biro admits the allegations contained in paragraph 21 of plaintiff's Verified Complaint.

21.    Biro denies the allegations contained in paragraph 22 of plaintiff's Verified Complaint, except to admit that it is in the business of manufacturing, distributing and selling certain food processing equipment, including Model BCC-100 poultry cutters.

22.    Biro denies the allegations contained in paragraph 23 of plaintiff's Verified Complaint, except to admit that it is in the business of manufacturing, distributing and selling certain food processing equipment, including Model BCC-100 poultry cutters.

23.    Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of plaintiff's Verified Complaint, and, therefore, denies them.

24.    Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of plaintiff's Verified Complaint, and, therefore, denies

3

them.

25. Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiff's Verified Complaint, and, therefore, denies them.

26. Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of plaintiff's Verified Complaint, and, therefore, denies them.

27. Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of plaintiff's Verified Complaint, and, therefore, denies them.

28. Biro denies the allegations contained in paragraph 29 of plaintiff's Verified Complaint, except to admit that its Model BCC-100 poultry cutter was warranted to be safe for its intended uses.

29. Biro denies the allegations contained in paragraph 30 of plaintiff's Verified Complaint, except to admit that its Model BCC-100 poultry cutter was warranted to be safe for its intended uses.

30. Biro denies the allegations contained in paragraph 31 of plaintiff's Verified Complaint, except to admit that its Model BCC-100 poultry cutter was warranted to be safe for its intended uses.

31. Biro denies the remaining allegations contained in paragraph 32 of plaintiff's Verified Complaint, except to admit that its Model BCC-100 poultry cutter was warranted to be safe for its intended uses.

4

32.     Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of plaintiff's Verified Complaint, and, therefore, denies them.

33.     Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of plaintiff's Verified Complaint, and, therefore, denies them.

34.     Biro denies the allegations contained in paragraph 35 of plaintiff's Verified Complaint.

35.     Biro denies the allegations contained in paragraph 36 of plaintiff's Verified Complaint.

36.     Biro denies the allegations contained in paragraph 37 of plaintiff's Verified Complaint.

37.     Biro denies the allegations contained in paragraph 38 of plaintiff's Verified Complaint.

38.     Biro denies the allegations contained in paragraph 39 of plaintiff's Verified Complaint. Biro further denies that plaintiff is entitled to any damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JULIANA MARIA MAYANCELA

39.     Biro repeats and reiterates its responses to paragraphs 1 through 39 above.

40.     Biro denies the allegations contained in paragraph 41 of plaintiff's Verified Complaint.

41.     Biro denies the allegations contained in paragraph 42 of plaintiff's Verified

Complaint.

42.    Biro denies the allegations contained in paragraph 43 of plaintiff's Verified Complaint.

43.    Biro denies the allegations contained in paragraph 44 of plaintiff's Verified Complaint. Biro further denies that plaintiff is entitled to any damages.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    Plaintiff's Verified Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred due to her express or implied assumption of the risk.

3.    Plaintiff's claims are barred because the accident in question and plaintiff's alleged damages were caused by the plaintiff's culpable conduct, including, but not limited to, her misuse of the product.

4.    Plaintiff's claims are barred because the accident in question and plaintiff's alleged damages were cause by the alteration of the product.

5.    The accident in question, and plaintiff's alleged damages, were caused by the acts and/or omissions of third parties over whom Biro has no control, including plaintiff, and for whom Biro is not responsible.

6.    The alleged dangers associated with the product were open, obvious, and known.

7.    Plaintiff's claims are barred because the product complied with applicable industry and government standards.

8.    Plaintiff's employer and/or her co-workers were informed and learned intermediaries who were adequately warned and/or had knowledge of the alleged danger associated with the product.

6

9.    Plaintiff's alleged damages, if any, should be proportionately reduced or barred due to the failure to avoid or mitigate those damages.

10.    Plaintiff's recovery of any alleged damages should be barred because plaintiff's comparative fault was the sole proximate cause of the incident.

11.    Plaintiff's alleged damages, if any, should be barred because the comparative fault of third parties (including plaintiff's employer and co-workers) was the sole proximate cause of the incident.

12.    Plaintiff's alleged damages and injuries were directly and proximately caused by the superseding and/or intervening acts and conducts of others, thereby precluding plaintiff's recovery from Biro.

13.    Plaintiff's claims based on an alleged breach of warranty are barred due to the applicable disclaimers in the express written warranty.

14.    Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

15.    Biro reserves the right to amend this Answer and to assert additional defenses or to supplement, alter, or change this Answer and to assert additional cross-claims or counterclaims or counterclaims upon ascertaining more definite facts during and upon completion of discovery and investigation.

WHEREFORE, having fully answered plaintiff's Verified Complaint, defendant, BIRO MANUFACTURING COMPANY, respectfully requests this Court to enter its Order:

A.    Dismissing plaintiff's Verified Complaint with prejudice;

B.    Awarding defendant, BIRO MANUFACTURING COMPANY, its costs incurred in

7

defending this action; and

     C.     Awarding defendant, BIRO MANUFACTURING COMPANY, such other relief as

this Court deems to be just.

Dated:     Garden City, New York
             October 10, 2007

                                 Yours, etc.,

                                 FISCHETTI & PESCE, LLP
                                 Attorneys for Defendant
                                 310 Old Country Road - Suite 201
                                 Garden City, New York 11530
                                 516-873-1511
                                 File No. 9020

TO:

GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street - Suite 1205
New York, New York 10038
212-267-9222

8

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NASSAU    )

FRANK V. PESCE, being duly sworn, deposes and says that he is a Member of the firm of

FISCHETTI & PESCE, LLP, attorneys for the defendant, BIRO MANUFACTURING COMPANY,

in the within action; that he has read the foregoing ANSWER TO VERIFIED COMPLAINT and

knows the contents thereof; that the same is true of his own knowledge, except as to the matters

therein stated to be alleged on information and belief, and that as to those matters, he believes to be

true.

Deponent further states that the reason why this verification is made by your deponent and

not by said party is that the said party is not within the county where your deponent has his offices.

That the source of deponent's information and the grounds for his belief are reports of

investigations and records in the file.

Dated:      Garden City, New York
             October 10, 2007

_____
FRANK V. PESCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

JULIANA MARIA MAYANCELA,    )
    )    Index No. 14707/07
    Plaintiff,    )
    )
v.    )    BIRO'S FIRST SET OF REQUESTS
    )    FOR ADMISSION TO PLAINTIFF
BIRO MANUFACTURING COMPANY    )
    )
    Defendant.    )

Defendant The Biro Manufacturing Company, ("Biro") requests that plaintiff answer the following Requests for Admission separately and fully, in writing, under oath, within 30 days of service:

## REQUEST FOR ADMISSIONS

1.    Admit that the damages sought in this case are in excess of $75,000.00.

### RESPONSE:

2.    Admit that the damages sought in this case are $75,000.00 or less.

### RESPONSE:

Dated:    Garden City, New York
    October 10, 2007

    Yours, etc.,

    FISCHETTI & PESCE, LLP
    Attorneys for Defendant
    310 Old Country Road - Suite 201
    Garden City, New York 11530
    516-873-1511
    File No. 9020

TO:

GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street - Suite 1205
New York, New York 10038
212-267-9222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X    Index No. 14707/07

JULIANA MARIA MAYANCELA,

                    Plaintiff,                       NOTICE TO TAKE
                                                DEPOSITION UPON

        -against-                              ORAL EXAMINATION

BIRO MANUFACTURING COMPANY,

                    Defendant.

-------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony upon oral examination of all parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at 310 Old Country Road, Suite 201, Garden City, New York on the 21st day of November, 2007, at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action.

      That the said person to be examined is required to produce at such examination the following: Any and all records, reports, memoranda and other writings relevant to the subject matter of the instant action.

Dated:      Garden City, New York
             October 10, 2007

                                  Yours, etc.,

                                  FISCHETTI & PESCE, LLP
                                  Attorneys for Defendant
                                  310 Old Country Road - Suite 201
                                  Garden City, New York 11530
                                  516-873-1511
                                  File No. 9020

TO:     GORAYEB & ASSOCIATES, P.C.
         Attorneys for Plaintiff
         100 William Street - Suite 1205
         New York, New York 10038
         212-267-9222

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                          ) ss.:

COUNTY OF NASSAU    )

SUSAN E. HOFFMAN, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides in Wantagh, New York.

That on the 10th day of October, 2007 deponent served the within BIRO'S VERIFIED ANSWER TO VERIFIED COMPLAINT, BIRO'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF and NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION upon:

GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street - Suite 1205
New York, New York 10038

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

SUSAN E. HOFFMAN

Sworn to before me this
10th day of October, 2007.

Notary Public

FRANK V. PESCE
Notary Public, State of New York
No. 4759779
Qualified in Nassau County
Commission Expires March 30, 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X     Index No. 14707/07

JULIANA MARIA MAYANCELA,

                            Plaintiff,

        -against-

BIRO MANUFACTURING COMPANY,

                            Defendant.
------------------------------------------------------------------X


**BIRO'S ANSWER TO VERIFIED COMPLAINT**
**BIRO'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**
**NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**


**FISCHETTI & PESCE, LLP**
Attorneys for Defendant
Office & P.O. Address
310 Old Country Road - Suite 201
Garden City, New York  11530
(516) 873-1511

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X    Index No. 14707/07

JULIANA MARIA MAYANCELA,

                              Plaintiff,                              ATTORNEY
                                                                     CERTIFICATION

            -against-

BIRO MANUFACTURING COMPANY,

                              Defendant.
------------------------------------------------------------X

The annexed documents are hereby certified pursuant to 22 NYCRR ' 130-1.1-a:


X    Answer to Amended Verified Complaint    ___    Motion
X    Notice of EBT                            ___    Memorandum of Law
X    Demand for Bill of Particulars           ___    Affirmation in Opposition
___   Response to Demand                      ___    Reply Affirmation
      Demand for Authorization                ___    Notice to Admit
X    Multiple Discovery Demands


Dated:        Garden City, New York
              November 15, 2007



                              Yours, etc.

                              FISCHETTI & PESCE, LLP

                              By: _____
                                   Frank V. Pesce

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

JULIANA MARIA MAYANCELA,              )
                                      )
            Plaintiff,                )
                                      )
      v.                              )     BIRO'S ANSWER TO
                                      )     AMENDED VERIFIED COMPLAINT
BIRO MANUFACTURING COMPANY            )
                                      )
            Defendant.                )

BIRO MANUFACTURING COMPANY ("Biro"), by its attorneys, FISCHETTI &

PESCE, LLP, answers Plaintiff's Amended Verified Complaint as follows:

1.     Biro is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of plaintiff's Amended Verified Complaint,

and therefore denies them.

2.     Biro is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of plaintiff's Amended Verified Complaint,

and therefore denies them.

3.     Biro denies the allegations of paragraph 3 of plaintiff's Amended Verified

Complaint referring all issues of law to the court.

4.     Biro denies the allegations contained in paragraph 4 of plaintiff's Amended

Verified Complaint, except to admit that it is an Ohio corporation registered to do business

in New York.

5.     Biro denies the allegations contained in paragraph 5 of plaintiff's Amended

Verified Complaint.

6.     Biro admits the allegations contained in paragraph 6 of plaintiff's Amended

Verified Complaint.

7.     Biro denies the allegations contained in paragraph 7 of plaintiff's Amended Verified Complaint.

8.     Biro denies the allegations contained in paragraph 8 of plaintiff's Amended Verified Complaint, except to admit that it is registered to do business in New York.

9.     Biro denies the allegations contained in paragraph 9 of plaintiff's Amended Verified Complaint.

10.    Biro admits that it once owned real property within the state of New York, but it last did so in May, 1980.  Biro denies the remaining allegations contained in paragraph 10 of plaintiff's Amended Verified Complaint.

11.    Biro admits the allegations contained in paragraph 11 of plaintiff's Amended Verified Complaint.

12.    Biro admits the allegations contained in paragraph 12 of plaintiff's Amended Verified Complaint.

13.    Biro denies the allegations contained in paragraph 13 of plaintiff's Amended Verified Complaint, except to admit that it conducts business in New York and receives revenue from sales in New York.

14.    Biro denies the allegations contained in paragraph 14 of plaintiff's Amended Verified Complaint.

15.    Biro admits the allegations contained in paragraph 15 of plaintiff's Amended Verified Complaint.

16.    Biro admits the allegations contained in paragraph 16 of plaintiff's Amended

Verified Complaint.

17.     Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiff's Amended Verified Complaint, and therefore denies them.

18.     Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of plaintiff's Amended Verified Complaint, and therefore denies them.

19.     Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiff's Amended Verified Complaint, and therefore denies them.

20.     Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiff's Amended Verified Complaint, and therefore denies them.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JULIANA MARIA MAYANCELA

21.     Biro repeats and reiterates its responses to paragraphs 1 through 20 above.

22.     Biro admits that it is in the business of manufacturing certain food processing equipment, including Model BCC-100 poultry cutters. Biro denies the remaining allegations contained in paragraph 22 of plaintiff's Amended Verified Complaint.

23.     Biro admits that it is in the business of selling certain food processing equipment, including Model BCC-100 poultry cutters. Biro denies the remaining allegations contained in paragraph 23 of plaintiff's Amended Verified Complaint.

24.     Biro admits that it is in the business of distributing certain food processing

3

equipment, including Model BCC-100 poultry cutters. Biro denies the remaining allegations contained in paragraph 24 of plaintiff's Amended Verified Complaint.

25.    Biro admits the allegations contained in paragraph 25 of plaintiff's Amended Verified Complaint.

26.    Biro admits that it is in the business of manufacturing, distributing and selling certain food processing equipment, including Model BCC-100 poultry cutters. Biro denies the remaining allegations contained in paragraph 26 of plaintiff's Amended Verified Complaint.

27.    Biro admits that it is in the business of manufacturing, distributing and selling certain food processing equipment, including Model BCC-100 poultry cutters. Biro denies the remaining allegations contained in paragraph 27 of plaintiff's Amended Verified Complaint.

28.    Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of plaintiff's Amended Verified Complaint, and therefore denies them.

29.    Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiff's Amended Verified Complaint, and therefore denies them.

30.    Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiff's Amended Verified Complaint, and therefore denies them.

4

31.    Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of plaintiff's Amended Verified Complaint, and therefore denies them.

32.    Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of plaintiff's Amended Verified Complaint, and therefore denies them.

33.    Biro admits that its Model BCC-100 poultry cutter was warranted to be safe for its intended uses.  Biro denies the remaining allegations contained in paragraph 33 of plaintiff's Amended Verified Complaint.

34.    Biro admits that its Model BCC-100 poultry cutter was warranted to be safe for its intended uses.  Biro denies the remaining allegations contained in paragraph 34 of plaintiff's Amended Verified Complaint.

35.    Biro admits that its Model BCC-100 poultry cutter was warranted to be safe for its intended uses.  Biro denies the remaining allegations contained in paragraph 35 of plaintiff's Amended Verified Complaint.

36.    Biro admits that its Model BCC-100 poultry cutter was warranted to be safe for its intended uses.  Biro denies the remaining allegations contained in paragraph 36 of plaintiff's Amended Verified Complaint.

37.    Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of plaintiff's Amended Verified Complaint, and therefore denies them.

38.    Biro denies the allegations contained in paragraph 38 of plaintiff's Amended

Verified Complaint.

39.    Biro denies the allegations contained in paragraph 39 of plaintiff's Amended

Verified Complaint.

40.    Biro denies the allegations contained in paragraph 40 of plaintiff's Amended

Verified Complaint.

41.    Biro denies the allegations contained in paragraph 41 of plaintiff's Amended

Verified Complaint.

42.    Biro denies the allegations contained in paragraph 42 of plaintiff's Amended

Verified Complaint.

43.    Biro denies the allegations contained in paragraph 43 of plaintiff's Amended

Verified Complaint.  Biro further denies that plaintiff is entitled to any damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JULIANA MARIA MAYANCELA

44.    Biro repeats and reiterates its responses to paragraphs 1 through 43 above.

45.    Biro is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 45 of plaintiff's Amended Verified

Complaint, and therefore denies them.

46.    Biro is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 46 of plaintiff's Amended Verified

Complaint, and therefore denies them.

47.    Biro is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 47 of plaintiff's Amended Verified

Complaint, and therefore denies them.

6

48.     Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of plaintiff's Amended Verified Complaint, and therefore denies them.

49.     Biro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of plaintiff's Amended Verified Complaint, and therefore denies them.

50.     Biro denies the allegations contained in paragraph 50 of plaintiff's Amended Verified Complaint.

51.     Biro denies the allegations contained in paragraph 51 of plaintiff's Amended Verified Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JULIANA MARIA MAYANCELA

52.     Biro repeats and reiterates its responses to paragraphs 1 through 51 above.

53.     Biro denies the allegations contained in paragraph 53 of plaintiff's Amended Verified Complaint.

54.     Biro denies the allegations contained in paragraph 54 of plaintiff's Amended Verified Complaint.

55.     Biro denies the allegations contained in paragraph 55 of plaintiff's Amended Verified Complaint.

56.     Biro denies the allegations contained in paragraph 56 of plaintiff's Amended Verified Complaint.  Biro further denies that plaintiff is entitled to any damages.

7

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    Plaintiff's Amended Verified Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred due to her express or implied assumption of the risk.

3.    Plaintiff's claims are barred because the accident in question and plaintiff's alleged damages were caused by misuse of the product.

4.    Plaintiff's claims are barred because the accident in question and plaintiff's alleged damages were cause by the alteration of the product.

5.    The accident in question, and plaintiff's alleged damages, were caused by the acts and/or omissions of third parties over whom Biro has no control, including plaintiff, and for whom Biro is not responsible.

6.    The alleged dangers associated with the product were open, obvious, and known.

7.    Plaintiff's claims are barred because the product complied with applicable industry and government standards.

8.    Plaintiff's employer and/or her co-workers were informed and learned intermediaries who were adequately warned and/or had knowledge of the alleged danger associated with the product.

9.    Plaintiff's alleged damages, if any, should be proportionately reduced or barred due to the failure to avoid or mitigate those damages.

10.    Plaintiff's recovery of any alleged damages should be barred because

plaintiff's comparative fault was the sole proximate cause of the incident.

11.    Plaintiff's alleged damages, if any, should be barred because the comparative fault of third parties (including plaintiff's employer and co-workers) was the sole proximate cause of the incident.

12.    Plaintiff's alleged damages and injuries were directly and proximately caused by the superceding and/or intervening acts and conducts of others, thereby precluding plaintiff's recovery from Biro.

13.    Plaintiff's claims based on an alleged breach of warranty are barred due to the applicable disclaimers in the express written warranty.

14.    Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received by plaintiff, in accordance with CPLR §4545.

15.    Biro reserves the right to amend this Answer and to assert additional defenses or to supplement, alter, or change this Answer and to assert additional cross-claims or counterclaims or counterclaims upon ascertaining more definite facts during and upon completion of discovery and investigation.

WHEREFORE, having fully answered plaintiff's Amended Verified Complaint, BIRO MANUFACTURING COMPANY respectfully requests this Court to enter its Order:

A.    Dismissing plaintiff's Amended Verified Complaint with prejudice;

B.    Awarding the Biro Manufacturing Company its costs incurred in defending this action; and

C.    Awarding the Biro Manufacturing Company such other relief as this Court deems to be just.

9

Dated:     Garden City, New York
           November 15, 2007

                              Yours, etc.,

                              FISCHETTI & PESCE, LLP
                              Attorneys for Defendant
                              310 Old Country Road - Suite 201
                              Garden City, New York 11530
                              516-873-1511
                              File No. 9020

TO:

GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street - Suite 1205
New York, New York 10038
212-267-9222

# ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                           ) ss.:

COUNTY OF NASSAU   )

      FRANK V. PESCE, being duly sworn, deposes and says that he is a Member of the firm of FISCHETTI & PESCE, LLP, attorneys for the defendant, BIRO MANUFACTURING COMPANY, in the within action; that he has read the foregoing ANSWER TO AMENDED VERIFIED COMPLAINT and knows the contents thereof; that the same is true of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, he believes to be true.

      Deponent further states that the reason why this verification is made by your deponent and not by said party is that the said party is not within the county where your deponent has his offices.

      That the source of deponent's information and the grounds for his belief are reports of investigations and records in the file.

Dated:     Garden City, New York
            November 15, 2007

                                    FRANK V. PESCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X    Index No. 14707/07
JULIANA MARIA MAYANCELA,

                Plaintiff,

      -against-

BIRO MANUFACTURING COMPANY,

                Defendant.
------------------------------------------------------------------X

## COMBINED DEMAND OF DEFENDANT(S)

SERVED BY:    FISCHETTI & PESCE, LLP
                Attorneys for Defendant
                310 Old Country Road - Suite 201
                Garden City, New York 11530
                (516) 873-1511

      **PLEASE TAKE NOTICE** that you are hereby required to produce and permit discovery by the undersigned of the documents and things hereinafter enumerated for inspection at the office of FISCHETTI & PESCE, LLP on the 26th day of December, 2007, at 10:00 o'clock in the forenoon of that day, at which time they will be physically inspected, tested, copied or mechanically reproduced.

      **PLEASE TAKE FURTHER NOTICE** that production of documents and other items may be accomplished by forwarding true copies of same to the offices of the undersigned on or before the aforesaid date, in which case a personal appearance on that date will not be necessary.  If these demands will be complied with by way of a personal appearance, we ask that you confirm your appearance at least twenty-four (24) hours prior thereto.

I.  **DEMAND FOR THE NAMES AND ADDRESSES OF WITNESSES:**

**PLEASE TAKE NOTICE** that demand is hereby made upon you to furnish the undersigned with a verified statement concerning the names and addresses of any and all persons known to your client, the plaintiff(s), or to you, as attorney for your client(s), claimed to have either been an actual witness, or to have firsthand knowledge, with respect to the following:

a)  The occurrence alleged in the Complaint and/or the occurrence which is the subject matter of the instant litigation;

b)  Any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint or caused the occurrence which is the subject matter of the instant litigation;

c)  Any actual notice allegedly given to the defendant(s) answering herein of any condition which allegedly caused the occurrence alleged in the Complaint or the occurrence which is the subject matter of the instant litigation;

d)  The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint or the occurrence which is the subject matter of the instant litigation;

e)  Conversations, communications or writings with respect to the circumstances or events referred to in the Complaint or in any affirmative defense asserted by any party herein;

f)  Items of special or general damages asserted by plaintiff(s) in the within action or with respect to any setoff or counterclaim by any defendant(s) or third-party defendant(s).

g)  Names and addresses of witnesses who possess vital information which bears on the liability issues. Hughes v. Elias, 120 A.D.2d 703, 502 N.Y.S.2d 772 (2d Dept. 1986).

This demand is made upon you pursuant to the authority of Zellman v Metropolitan Transportation Authority, 40 A.D.2d 248, 339 N.Y.S.2d 255, 1973; Zayas v Morales, 45 A.D.2d 610, 350 N.Y.S.2d 1974; Hoffman v Ro-San Manor, 73 A.D.2d 207, 425 N.Y.S.2d 619.

In the event that no such names or addresses are currently known, then a verified

statement to this effect shall be provided within the above stated time.

PLEASE BE FURTHER ADVISED, that this demand is a continuing one and that should such information become known in the future, then said names and/or addresses should be furnished within a reasonable time after acquiring same.

PLEASE BE FURTHER ADVISED, that any attempt to introduce testimony at the time of trial of any witnesses not disclosed will be objected to or, in the alternative, the undersigned will move this Court for an Order compelling production of said names and/or addresses.

II.  **DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATEMENT OF A PARTY REPRESENTED BY THE UNDERSIGNED**

PLEASE TAKE FURTHER NOTICE that the undersigned hereby demands that you produce, pursuant to CPLR 3101(e), full, true, legible and complete copies of any and all statements made by, or taken from, any of the parties represented by the undersigned, their servants, agents and/or employees, whether written, oral or recorded (including full, true, legible and complete copies of transcripts of same) in your possession, custody or control, or presently in the possession or under the control of a party you represent, plaintiffs, or an agent, servant, employee and/or principal of you and/or plaintiffs.

III. **DEMAND FOR ACCIDENT REPORTS**

PLEASE TAKE FURTHER NOTICE that the undersigned demands that you produce, pursuant to CPLR 3101(g), full, true, legible and complete copies of any report concerning the accident or occurrence which is the subject matter of this lawsuit prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity.  This demand includes all accident reports, whether or not prepared exclusively in preparation for litigation. Pataki v Kiseda, 80 A.D.2d

100, 437 N.Y.S.2d 694 (1981).

## IV. DEMAND FOR PHOTOGRAPHS

PLEASE TAKE FURTHER NOTICE that the undersigned demands, pursuant to Article 31 of the CPLR, that you produce and provide copies of any and all photographs, slides, videotapes or motion pictures in your possession, custody or control, or in the possession custody or a party you represent, plaintiffs or an agent, servant, employee and/or principal of you and/or plaintiffs depicting:

1) The scene of the occurrence;
2) The motor vehicle involved (if an auto accident);
3) The defective condition involved;
4) The injuries to the plaintiff(s);
5) Each item of property alleged to be damaged, destroyed or lost showing condition prior to and subsequent to damage claimed;
6) Any defect, condition or substance alleged in the Complaint.

PLEASE TAKE FURTHER NOTICE that your failure to comply with this Notice will result in an appropriate application to the Court.

PLEASE TAKE FURTHER NOTICE that in the event photographs of the scene of the occurrence are attempted to be introduced at the time of trial without compliance with this Notice, there will be objections to the introduction of same.

If no such photographs are in the possession, custody or control of any parties you represent in this action, so state in sworn reply to this demand.

## V. DEMAND FOR NAMES AND ADDRESSES OF PARTIES AND ATTORNEYS

PLEASE TAKE FURTHER NOTICE that the undersigned demands, pursuant to CPLR 3102(a), 2103(e) and 3118, that you provide a list of those attorneys who have appeared in this action together with their addresses and the name and address of the party for whom such attorneys have appeared.

## VI. DEMAND FOR EXPERT WITNESS DISCLOSURE

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands, pursuant to CPLR 3101(d), that you set forth the following:

(A)    State whether there is any person you expect to call as an expert witness at the time of trial of this action.

(B)    If the answer to the preceding is in the affirmative, please state in detail as to each and every such expert person:

    (i)    His identity.

    (ii)    His address.

    (iii)    His field of expertise.

    (iv)    Any sub-specialties of the witness within his field of expertise.

    (v)    In reasonable detail, the subject matter on which each and every expert is expected to testify.

    (vi)    In reasonable detail, the substance of the facts and opinions to which each and every expert is expected to testify.

    (vii)    In reasonable detail, the qualifications of each and every expert witness.

    (viii)    In reasonable detail, a summary of the grounds for each and every expert's opinion.

    (xi)    Names, dates and publishers of any treatises, books, articles, or essays or other writings published or unpublished by the expert relating in any way to the subject matter on which said expert is expected to testify.  For each published article and essay, state the title of the book, journal or other work in which it can be found, the name and address of the publisher and date of publication.

(C)    State whether any expert, including but not limited to the person or persons identified in the preceding demands, at any time made an examination, analysis, inspection or test of:

    (i)    The premises of the area involved in the occurrence.
    (ii)    Any other item of real evidence which may be relevant to determining the cause of the occurrence of the damages alleged in the Complaint.

(D)    If the answer to any of the preceding demands is in the affirmative, for each such person state:

    (i)    The determination, if any, as to whether or not the product or

item inspected was manufactured and/or installed consistent with specifications.

(E)     Has the object, product or item identified in the preceding demands been destroyed or altered in the course of the examination, analysis, inspection or test performed upon it?

(F)     Did anyone assist the persons identified in the preceding demands in the performance of the examination, analysis, inspection or tests?

(G)     If the answer to any of the preceding demands is in the affirmative:

    (i)     Identify each person who gave such assistance, providing names and addresses.

    (ii)     Describe the type and amount of assistance given.

    (iii)     State the dates on which such assistance was given.

(H)     Did any of the persons identified in any of the preceding demands submit any reports based upon the examination, analysis, inspection or test conducted?

(I)     If the answer to any of the preceding demands is in the affirmative, state:

    (i)     A description of each report that was made.

    (ii)     The date that each report was made.

    (iii)     Identify the person to whom each report was submitted.

    (iv)     Identify the persons who have present custody of each report.

(J)     Attach a copy of any reports identified in response to any of the preceding demands.

**PLEASE TAKE FURTHER NOTICE** that upon your failure to respond to this demand within thirty (30) days, a motion will be made pursuant to CPLR 3101(d) for sanctions and/or to compel compliance with same.

## VII. <u>DEMAND FOR MEDICALS</u>

**PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR §3101 and the Appellate Division and/or Trial Term Rules and the Uniform rules for the New York State Trial Courts, demand is hereby made upon the plaintiff(s) or his/her attorneys to provide:

1) The names and addresses of all physicians, osteopaths, chiropractors, physical therapists and other licenses, medical professionals and other health care providers of every description who have consulted, examined or treated the plaintiff(s) for each of the conditions, physical or mental, allegedly caused by, or exacerbated by the occurrence described in the Complaint, including the date of such treatment or examination.

2) Duly executed and acknowledged written authorizations directed to any hospital clinic or other health care facility in which the injured plaintiff(s) herein is or was treated or confined due to the occurrence set forth in the Complaint so as to permit the securing of a copy of the entire hospital records or records including x-rays and technicians' reports.

3) Duly executed and acknowledged written authorizations to allow defendant(s) to obtain the complete office medical records relating to the plaintiffs of each health care provider identified in (a) above.

4) Copies of all medical reports received from health care providers identified in (A) above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technicians' reports which will be offered.

5) Duly executed and acknowledged written authorizations specifying prescription number(s) which will allow the defendant(s) to obtain the complete records of all drugs prescribed for plaintiffs for injuries allegedly sustained in the occurrence complained of in the Complaint.

6) Duly executed and acknowledged written authorizations specifying prescription number(s) which will allow defendant(s) to obtain the complete records of all drugs prescribed for plaintiffs for injuries allegedly sustained in the occurrence complained of in the Complaint.

7) Duly executed and acknowledged written authorizations with respect to any osteopaths, chiropractors and/or other licensed medical professionals who have rendered treatment to plaintiff(s) with respect to any condition pre-existing or preceding the events complained of in the Complaint involving disease, disability or injury (or, if applicable, prior psychiatric or psychological disorders) which in any way is alleged to have been aggravated or exacerbated, or to have caused any increase in the sequella of those injuries or conditions allegedly resulting from the events complained of in the within action.

8) Duly executed authorizations with respect to any hospitals, clinics or

other similar health care providers which have rendered treatment to plaintiff(s) with respect to any condition pre-existing or preceding the events complained of in the Complaint involving disease, disability or injury (or, if applicable, prior psychiatric or psychological disorders) which in any way is alleged to have caused any increase in the sequella of those injuries or conditions allegedly resulting from the events complained of in the within action.

PLEASE TAKE FURTHER NOTICE that with respect to Items (1), (2), (3), (4), (5), (6), (7), and (8), the authorizations to be provided shall state the approximate period or periods that such services were rendered, as well as the complete name and address of the provider.

PLEASE TAKE FURTHER NOTICE that upon your failure to comply with this demand, an appropriate motion will be made seeking an Order compelling the production of the aforesaid and in addition, a motion will be made to preclude plaintiffs(s) upon the trial of the within action from offering evidence or testifying as to any of the conditions which are referred to in said reports, records or examinations demanded herein.

## VIII. DEMAND FOR COLLATERAL SOURCES

PLEASE TAKE FURTHER NOTICE that the undersigned hereby demands that you produce:

A verified statement setting forth the amounts claimed by the plaintiff(s) for the cost of: a) medical care; b) dental care; c) custodial care; d) rehabilitation services; e) loss of earnings; and, f) any other economic loss.

FURTHER, it is demanded that the plaintiff(s) list and identify in a verified statement and provide duly executed and acknowledged authorizations directed to each and every collateral source including, but not limited to, insurance, no-fault, social security, disability. Workers' Compensation or employee benefit programs setting forth the names, addresses and policy numbers of the providers of such collateral sources as well as the amounts paid and the dates paid.

PLEASE TAKE FURTHER NOTICE that submission to the undersigned of duly executed authorizations and true and conformed certified copies of the items demanded herein at any time prior to the date set forth for such discovery and inspection will be deemed compliance with this demand provided it is accompanied by a verified statement as to the accuracy thereof.

PLEASE TAKE FURTHER NOTICE that if this notice is not complied with, an application will be made for the imposition of appropriate sanctions and to compel compliance with this notice.

## IX. DEMAND FOR DISCOVERY OF INSURANCE POLICIES

PLEASE TAKE FURTHER NOTICE that the undersigned demands, pursuant to CPLR 3101(f), that you produce all policies of insurance, between plaintiff(s) and the insurance company, including excess, umbrella and/or catastrophe insurance, applicable to the within occurrence, as well as copies of any claims made by the plaintiff(s) under the policy which may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

PLEASE TAKE FURTHER NOTICE that a copy of the face sheet of the insurance policy and/or a letter on your stationery setting forth limits of liability will suffice in lieu of production of the insurance agreement above requested. If any of the insurers who issued the above-referenced policy have disclaimed coverage, in whole or in part, or are defending under a reservation of rights, please so state and provide a true copy of said disclaimer of coverage or reservation of rights.

PLEASE TAKE FURTHER NOTICE that upon your failure to produce the insurance agreement or a statement as to coverage, a motion may be made for discovery and

inspection and costs may be requested.

PLEASE TAKE FURTHER NOTICE that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

## X.  DEMAND FOR EMPLOYMENT AND INCOME VERIFICATION

PLEASE TAKE FURTHER NOTICE that if a claim for lost earnings or diminution of earning capacity is being made, the undersigned demands that you produce the following:

1)  If plaintiff(s) was not self-employed, duly executed and acknowledged original, written authorizations directed to the last employer prior to the date of accident/occurrence and the first employer subsequent to the date of accident/occurrence so as to permit the securing of plaintiff(s)' entire personnel/performance record including records regarding wages attendance, original job application and medical records.

2)  If plaintiff(s) was self-employed, it is demanded that the undersigned by supplied with a properly completed and executed IRS Form 4506 authorization the IRS to release plaintiff(s)' full income tax returns for a period of five (5) years preceding the accident and/or occurrence in question and to date.

PLEASE TAKE FURTHER NOTICE that the foregoing combined demand is a continuing demand.  In the event any of the above items are obtained after service of this demand or service of a response hereto, they are to be furnished to the undersigned forthwith.

## XI.  DEMAND FOR DISCOVERY AND INSPECTION OF PROOF OF LOSS AND CORRESPONDENCE

PLEASE TAKE FURTHER NOTICE that the undersigned demands, pursuant to Article 31 of the CPLR, that you produce and provide copies of any and all correspondence including (but not limited to) proof of loss between plaintiff(s) and its insurance carrier or representative regarding each item of property alleged to have been damaged, destroyed and/or lost.

XII.   **DEMAND FOR DISCOVERY AND INSPECTION OF INSPECTIONS AND APPRAISALS**

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands, pursuant to Article 31 of the CPLR, that you produce and provide copies of all inspections, appraisals, evaluations, and inventory sheets regarding each item of property alleged to have been damaged, destroyed and/or lost.

XIII.   **DEMAND FOR DISCOVERY OF BILLS, ESTIMATES AND RECEIPTS**

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands, pursuant to Article 31 of the CPLR, that you produce and provide copies of: bills, receipts and inventories regarding plaintiffs's purchase prior to the alleged damage of each and every item of property alleged to have been damaged, destroyed and/or lost; all estimates, bills and receipts of all repairs, cleaning, and restoration done to each and every item alleged to have been damaged, destroyed and/or lost; all bills, receipts, inventories and estimates regarding temporary, permanent, substitute and replacement cost of any item of property allegedly damaged, destroyed and/or lost; all estimates, bills and receipts regarding temporary, permanent, substitute and replacement lodging.

**PLEASE TAKE FURTHER NOTICE** that the foregoing combined demand is a continuing demand. In the event any of the above items are obtained after service of this demand or service of a responses thereto, they are to be furnished to the undersigned forthwith.

**PLEASE TAKE FURTHER NOTICE** that your failure to comply herewith will result in an application by the undersigned to the Court for appropriate relief and sanctions now or at the time of trial herein.

Dated:     Garden City, New York
           November 15, 2007

                              Yours, etc.,

                              FISCHETTI & PESCE, LLP
                              Attorneys for Defendant
                              310 Old Country Road - Suite 201
                              Garden City, New York 11530
                              516-873-1511
                              File No. 9020

TO:

GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street - Suite 1205
New York, New York 10038
212-267-9222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------------X    Index No. 14707/07

JULIANA MARIA MAYANCELA,

                Plaintiff,                      NOTICE TO TAKE
                                              DEPOSITION UPON
        -against-                       ORAL EXAMINATION

BIRO MANUFACTURING COMPANY,

                Defendant.

----------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony upon oral examination of all parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at 310 Old Country Road, Suite 201, Garden City, New York on the 26th day of December, 2007, at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action.

      That the said person to be examined is required to produce at such examination the following:  Any and all records, reports, memoranda and other writings relevant to the subject matter of the instant action.

Dated:      Garden City, New York
              November 15, 2007


                              Yours, etc.,

                              FISCHETTI & PESCE, LLP
                              Attorneys for Defendant
                              310 Old Country Road - Suite 201
                              Garden City, New York 11530
                              516-873-1511
                              File No. 9020

TO:    GORAYEB & ASSOCIATES, P.C.
        Attorneys for Plaintiff
        100 William Street - Suite 1205
        New York, New York 10038
        212-267-9222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X     Index No. 14707/07
JULIANA MARIA MAYANCELA,

                   Plaintiff,     NOTICE OF NO FAX

        -against-

BIRO MANUFACTURING COMPANY,

                  Defendant.
--------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that pursuant to CPLR 2103(5) the office of the undersigned will not accept service of papers by facsimile (FAX) transmittal or other electronic means.

Dated:      Garden City, New York
             November 15, 2007

                                     Yours, etc.,

                                     FISCHETTI & PESCE, LLP
                                     Attorneys for Defendant
                                     310 Old Country Road - Suite 201
                                     Garden City, New York 11530
                                     516-873-1511
                                     File No. 9020

TO:

GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street - Suite 1205
New York, New York 10038
212-267-9222

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                          ) ss.:

COUNTY OF NASSAU    )

SUSAN E. HOFFMAN, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides in Wantagh, New York.

That on the 15th day of November, 2007 deponent served the within BIRO'S ANSWER TO AMENDED VERIFIED COMPLAINT; DEMAND FOR VERIFIED BILL OF PARTICULARS; NOTICE OF DEPOSITION; and MULTIPLE DISCOVERY DEMANDS upon:

GORAYEB & ASSOCIATES, P.C.
Attorneys for Plaintiff
100 William Street - Suite 1205
New York, New York 10038

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

SUSAN E. HOFFMAN

Sworn to before me this
15th day of November, 2007.

Notary Public

MELISSA B. ZUCKER
Notary Public, State of New York
No. 01ZU6032913
Qualified in Nassau County
Commission Expires November 8, 20 0 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X     Index No. 14707/07

JULIANA MARIA MAYANCELA,

                Plaintiff,

     -against-

BIRO MANUFACTURING COMPANY,

                Defendant.

-----------------------------------------------------------------X

===============================================

## BIRO'S ANSWER TO AMENDED VERIFIED COMPLAINT
## DEMAND FOR VERIFIED BILL OF PARTICULARS
## NOTICE TO TAKE DEPOSITION
## MULTIPLE DISCOVERY DEMANDS

===============================================

**FISCHETTI & PESCE, LLP**
Attorneys for Defendant
Office & P.O. Address
310 Old Country Road - Suite 201
Garden City, New York  11530
(516) 873-1511

===============================================

===============================================

# EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
JULIANA MARIA MAYANCELA,

                       Plaintiff,

       -against-

BIRO MANUFACTURING COMPANY AND
MYRTLE POULTRY SALES CORP.,

                   Defendants.
-------------------------------------------------------------------X

**LIMITED
STIPULATION OF
DISCONTINUANCE**

Index No. 14707/07

COUNSELORS:

    IT IS HEREBY STIPULATED AND AGREED by and between the
undersigned, the attorneys of record for the undersigned parties to the above-
entitled action, that, whereas no party hereto is an infant or incompetent person for
whom a committee has been appointed, and no person not a party has an interest in
the subject matter of the action, the above-entitled action be, and the same hereby
is discontinued as against defendant, MYRTLE POULTRY SALES CORP and
without costs to either party as against the other.

    This stipulation may be filed without further notice with the Clerk of the Court.

DATED:  New York, New York
         December 13, 2007


CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
JULIANA MARIA MAYANCELA,
100 William Street, Suite 1205
New York, NY 10038
(212) 267-9222/7239 - PL/SR

CURT J. SCHNER
LESTER SCHWAB KATZ & DWYER, LLP
Attorney for Defendant
MYRTLE POULTRY SALES CORP
120 Broadway
New York, N.Y. 10271
(212) 964-6611

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JULIANA MARIA MAYANCELA,    )
    )
    Plaintiff,    )
    )
v.    )    Civil Action No. _____
    )
BIRO MANUFACTURING COMPANY    )
    )
    Defendant.    )

---

## NOTICE OF REMOVAL

---

FISCHETTI & PESCE, LLP
Attorneys for Defendant
BIRO MANUFACTURING COMPANY
310 Old Country Road - Suite 201
Garden City, New York 11530
516-873-1511
File No. 9020