IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JULIANA MARIA MAYANCELA,              )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )   No. 08 Civ. 245 (LTS)(HBP)
                                      )
THE BIRO MANUFACTURING CO.,           )   Hon. Laura Taylor Swain
                                      )
            Defendant.                )

### PRELIMINARY PRE-TRIAL STATEMENT

Juliana Maria Mayancela, plaintiff, and The Biro Manufacturing Company ("Biro"), defendant, by counsel, submit their joint Preliminary Pre-trial Statement as follows:

A.  <u>Statement of Nature of this Action</u>

This is a personal injury action involving a poultry cutting machine. Ms. Mayancela alleges that on September 6, 2005 she sustained severe and permanent injuries from the machine during the course of her employment.

B.  <u>Jurisdiction</u>

This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of New York and Biro is a citizen of Ohio, therefore the parties are diverse; the amount in controversy exceeds $75,000.00.

C.  <u>Uncontested and/or Admitted Facts</u>

At this time, there are no uncontested or admitted facts. Specifically, plaintiff alleges that the machine was manufactured and sold by Biro, while Biro denies that evidence provided by plaintiff substantiates that claim.

D. <u>Uncontested Legal Issues</u>

The parties agree that this matter is governed by the Federal Rules of Civil Procedure and Evidence. Further, the parties agree that the substantive law of New York applies. For example, in regards to plaintiff's strict liability counts, the parties agree that in order for her to prevail she must prove:

1. that Biro manufactured and sold the machine involved in the suit;

2. that at the time of its manufacture the machine was defective and or unreasonably dangerous (defective in its manufacture, defective in its design and/or defective because Biro failed to adequately warn about its dangers);

3. that the machine was expected to and did reach the ultimate consumer without substantial change in such condition; and

4. that such defect was the cause of the plaintiff's alleged injuries.

In regards to plaintiff's negligence counts, the parties agree that in order for her to prevail she must prove that Biro failed to do something that a reasonable manufacturer would, and that Biro's negligence rendered the machine unsafe by virtue of a manufacturing defect, a design defect and/or without adequate warnings. Finally, in regards to her breach of warranty claims, plaintiff must prove that Biro sold the machine and warranted that it was of merchantable quality, that the machine was not of merchantable quality and such defect caused plaintiff's injury.

E. <u>Legal Issues to be Decided by the Court</u>

Biro intends to file a Motion for Summary Judgment under Rule 56 or a Motion for an Evidentiary Trial on the factual contention that it manufactured the machine in question under Rules 16(c)(2)(N) and 52(a) on the basis that plaintiff does not have evidence that Biro

Received at: 3:22PM, 5/23/2008

05/23/2008  15:21    5167417414              FISCHETTI_AND_PESCE                PAGE  04/07

manufactured the machine in question. Without evidence of the manufacturer, plaintiff cannot prove an essential element of her case -- that is, that plaintiff cannot show that the machine in question was manufactured by Biro. Therefore she cannot impute any legal duty to Biro under her theories of strict liability, negligence and breach of warranty. This Court will be asked to decide whether plaintiff has enough evidence to proceed against Biro.

Plaintiff will oppose this motion on the grounds that she believes that the evidence establishes that Biro manufactured the machine and, therefore, has a legal duty to her.

F.  Each Party's Concise Statement of Material Disputed Facts

*Plaintiff's Disputed Facts:*

Plaintiff asserts that the machine that caused her injury was a Model BCC-100 manufactured, designed and sold by Biro.

*Defendants Disputed Facts:*

Biro contests plaintiff's contention that it was the manufacturer of the machine in question and demands strict proof thereof. Biro understands that the machine in question has been destroyed and plaintiff has been unable to provide Biro with evidence to suggest that it manufactured the machine. Because Biro disputes that it manufactured the machine in question, it disputes the remaining factual allegations that underpin plaintiff's Complaint and/or that it is in any way liable to plaintiff for her alleged injuries.

Because Biro disputes that it was the manufacturer of the machine in question, it must also dispute the remaining allegations in plaintiff's Complaint. That is, Biro disputes that it is responsible, under the theories of strict liability, negligence and/or breach of warranty for any of plaintiff's alleged injuries.

Received at: 3:22PM, 5/23/2008

05/23/2008  15:21    5167417414           FISCHETTI_AND_PESCE              PAGE  05/07

G.  <u>Legal Basis for Plaintiff's Allegations</u>

Plaintiff's claims are based on strict products liability, negligence and breach of warranty. Plaintiff will provide expert testimony regarding manufacturing and/or design defect, failure to provide adequate warnings and breach of warranty.

H.  <u>Defendant's Legal Basis for Defenses</u>

Essential to every claim brought by the plaintiff, is that Biro manufactured the machine in question. Without proof of manufacture, Biro cannot be held liable under the theory of strict liability, negligence and/or breach of warranty.

Further, plaintiff would have to provide expert testimony to prove the elements of her claim. That is, she would need to show that there was either manufacturing or design defect present on the machine at the time it left Biro's control, or that Biro knew of a danger and failed to warn her of the danger. Plaintiff cannot make these showings without expert testimony and without being able to examine the machine and expert cannot render an opinion. The mere fact that an accident occurred does not give rise to the inference of a defective product.

I.  <u>Measure of Proof and Burden as to Each Cause of Action and Defense</u>

Plaintiff has the burden of proof on her claims, and must also prove that the machine in question was manufactured by Biro. Biro has the burden of proof on its affirmative defenses.

J.  <u>Necessity of Further Amendments to Pleadings and/or Substitution of Parties</u>

If it is determined that a party other then Biro manufactured the machine, plaintiff will need to substitute that party for Biro.

K.  <u>Transfer of Case to Magistrate</u>

Biro intends to either file a Motion for Summary Judgment, under Rule 56, or a Motion for an Evidentiary Trial on the factual contention that it manufactured the machine in question

Received at: 3:22PM, 5/23/2008

05/23/2008  15:21    5167417414              FISCHETTI_AND_PESCE                PAGE  06/07

under Rules 16(c)(2)(N) and 52(a). As such, it may be appropriate to transfer this case to a magistrate for the limited purpose of determining whether plaintiff has enough evidence to proceed against Biro. After such a determination has been made, if necessary, the case could be transferred back to the Court.

L. Proposed Changes to Rule 26(a)

None at this time.

M. Disclosure Dates and Discovery Cut-Off

The parties agree that the discovery cut-off date should be February 1, 2009.

N. Expert Disclosures

The parties agree that plaintiff's expert disclosure cut-off would be October 1, 2008 and Biro's would be November 1, 2008.

O. Proposed Changes to Discovery Limitations

No changes to discovery limitations are required. The parties agree that prior to beginning discovery they will submit a joint protective order, under Rule 26(c)(1)(G), to the Court to protect Biro's confidential and proprietary information.

P. Status of Settlement Discussions

At this time the parties have not discussed settlement.

Q. Jury Trial

A jury trial is requested.

R. Other Orders Pursuant to Rule 26(c) and/or Rule 16(b) and (c)

The parties will enter into an agreement, pursuant to Rule 26(c)(1)(G) regarding trade secret and or other confidential and proprietary information be protected during discovery. Biro also believes that this case would benefit from a hearing under Rule 16(c)(2)(N) and requests

Received at: 3:22PM, 5/23/2008

05/23/2008  15:21    5167417414    FISCHETTI_AND_PESCE    PAGE  07/07

that an evidentiary hearing be set to determine if the plaintiff has provided enough evidence to proceed against Biro.

Dated:    May 23, 2008

_____    _____
Gail Mota, Esq. (gm 7699)    Frank V. Pesce, Esq. (FVP 7171)
GORAYEB & ASSOCIATES, P.C.    FISCHETTI & PESCE, LLP
Attorneys for Plaintiff    Attorneys for Defendant
JULIANA MARIA MAYANCELA    THE BIRO MANUFACTURING CO.
100 William Street – Suite 1205    310 Old Country Road - Suite 201
New York, New York 10038    Garden City, New York 11530
212-267-9222    516-873-1511
    File No. 9020

*Of Counsel:*
Christopher J. Wesser (VSB No. 44648)
C. Stinson Lindenzweig (VSB No. 71214)
MORAN KIKER BROWN PC
4110 E. Parham Road
Richmond, Virginia 23228
Phone: (804) 421-6250
*Attorneys for Defendant*
The Biro Manufacturing Company